UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

In re:
Mack Hunt III, Debtor
Case No. 25-11694-jpm Chapter 7

AMENDED SHORT-FORM MOTION TO VACATE DISMISSAL, REINSTATE CASE, AND RESTORE AUTOMATIC STAY

*(Filed December 06, 2025)*

A hearing is scheduled for December 9, 2025, at 10:00 A.M. before Hon. John P. Mastando III.

The Debtor, appearing pro se, respectfully moves this Court to vacate the dismissal of this Chapter 7 case, reinstate the automatic stay retroactive to the date of dismissal, and permit immediate review of a post-petition repossession that occurred while the stay was in full force.

I.  INTRODUCTION

Dismissal occurred while the Debtor was medically incapacitated and physically unable to appear, communicate, or file court-required documents. Reinstatement is necessary to prevent further hardship, restore legal protections, and allow the Court to supervise creditor conduct — including a post-petition repossession executed before dismissal and without relief from stay.

The Debtor acted promptly upon discharge, is now medically stable, and intends to fully comply going forward.

II. MEDICAL INCAPACITY CONSTITUTES GOOD CAUSE UNDER RULE 60(b)(1) AND (6)

The Debtor's failure to attend hearings or file documents was solely due to documented medical incapacity:

- **November 3–4, 2025** — Emergency admission to Lenox Hill Hospital for chest pain and cardiopulmonary stress.

- November 5–11, 2025 — Readmitted to Mount Sinai Hospital under telemetry (heart) monitoring and medical supervision.

**During this period, the Debtor was medically unable to appear in Court, file documents, or meaningfully participate.**

**Upon discharge on November 11, the Debtor promptly began reviewing filings and submitted corrective motions. This is not neglect — it is excusable and extraordinary medical incapacity.**

**Courts routinely find reinstatement proper where hospitalization prevented compliance. See** *In re Bonder*, 224 B.R. 580 (Bankr. S.D.N.Y.); *In re Williams*, 256 B.R. 885 (B.A.P. 8th Cir.); *In re Prochilo*, 578 B.R. 401 (Bankr. D. Mass.).

### III. CREDITOR MISCONDUCT REQUIRES COURT REVIEW AND TURNOVER

#### A. AAFCU Post-Petition Repossession — While Automatic Stay Was Active

On October 28, 2025, American Airlines Federal Credit Union ("AAFCU") repossessed the Debtor's 2017 Dodge Durango while this case was active and the automatic stay under §362(a) was in full effect. No motion for relief from stay had been filed or granted.

The vehicle was being used to transport the Debtor's children to school, therapy, and medical appointments in an area without public transportation. Personal property remains inside, including a disability placard, medication, and legal documents.

**Turnover Required Under Controlling Second Circuit Law**

Under *In re Weber*, 719 F.3d 72 (2d Cir. 2013), a creditor must return property taken in violation of the automatic stay, and retention of that property constitutes a continuing violation under §362(a)(3).

Here, repossession was post-petition and prior to dismissal, making turnover even more clearly required.

#### B. Westlake Financial Conduct

Westlake repossessed the 2018 Jeep Compass shortly before filing, despite the Debtor's medical hardship and good-faith intent to cure. Westlake later contacted the Debtor directly on November 9, 2025, even after notice of the bankruptcy, further complicating compliance.

**Court supervision is warranted to determine next steps in compliance with Chapter 7 procedures.**

**IV. REQUESTED RELIEF**

**The Debtor respectfully requests that the Court:**

1. **Vacate the dismissal and reinstate this Chapter 7 case;**

2. **Restore the automatic stay, retroactive to the date of dismissal;**

3. **Order AAFCU to return the 2017 Dodge Durango immediately at creditor expense, or at least disclose its storage location and allow immediate retrieval of personal and medical items;**

4. **Preserve and enforce the Debtor's rights under 11 U.S.C. § 362(k) regarding the alleged willful stay violation, with the understanding that the determination of damages or sanctions would be addressed separately at a later date;**

5. **Consider all relief at the already scheduled December 9, 2025 hearing — or grant relief on the papers if uncontested;**

6. **Provide procedural guidance appropriate for a pro se filer.**

**The Debtor intends to complete the debtor education course, comply fully with the Chapter 7 Trustee, and pursue pro bono legal assistance moving forward.**

**V. CONCLUSION**

**Reinstatement is warranted due to medically documented incapacity, timely corrective action, and the need for Court supervision over creditor conduct that occurred while the automatic stay was still in effect. The Debtor seeks restoration of legal protections and respectfully requests that the Court preserve and enforce his rights under 11 U.S.C. § 362(k) regarding the creditor's willful violation of the automatic stay, with the understanding that determination of damages or sanctions would be addressed separately at a later date. The Debtor submits this motion with sincere respect for the Court and expresses his full intent to comply with all future requirements.**

**Dated: November 06**

X *Mack M Hunt III*
Mack M Hunt III

**, 2025 New York, New York**

**/s/ Mack Hunt III**
**Mack Hunt III, Pro Se Debtor**
**1990 Lexington Ave., Apt. 26B**
**New York, NY 10035**
**(646) 376-9269**
**Blcmck@aol.com**