| | |
|---|---|
| WILLIAM K. HARRINGTON<br>UNITED STATES TRUSTEE, REGION 2<br>Department of Justice<br>Office of the United States Trustee<br>Alexander Hamilton U.S. Custom House<br>One Bowling Green, Rm. 534<br>New York, NY 10004<br>Tel. (212) 510-0500<br>By:    Andrea B. Schwartz, Trial Attorney | **Hearing Date and Time:**<br>December 23, 2025, at 10:00 a.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re                                               :
                                                    :    Case No. 25-11694 (JLG)
MACK MCKINLEY HUNT, III,                            :
                                                    :    Chapter 7
                                                    :
                        Debtor.                     :
---------------------------------------------------------x

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED SHORT-FORM MOTION TO VACATE DISMISSAL, REINSTATE CASE, AND RESTORE AUTOMATIC STAY**

**TO:    THE HONORABLE JAMES L. GARRITY, JR.,
        UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2, hereby objects to the amended short-form motion of Mack McKinley Hunt III (the "Debtor") to vacate the dismissal, reinstate the case and restore the automatic stay, [ECF No. 28]. In support hereof, the U.S. Trustee respectfully states:

**I.    Preliminary Statement**

The Debtor has not established cause under 11 U.S.C. § 350(b) to support the reopening of this case. The Debtor acknowledges that his motion is based solely upon his inability to perform his duties under the Code due to a medical incapacity. The Debtor admits that this incapacity occurred on or after November 3, 2025. The case was dismissed, however, due to the

1

Debtor's failure to attend the Section 341 Meeting which was scheduled for September 11, 2025, nearly two months *prior to* the alleged medical incapacity. Further, the Debtor failed to file any of the required papers under 11 U.S.C. § 521, for which the deadline was 46 days after commencement of the case, or September 15, 2025. Because the bases for dismissal predated the Debtor's asserted medical incapacity, his allegation that this incapacitation is cause to reopen the case is flawed. There is no cause to reopen the case and therefore, the Motion to Reopen should be denied.

## II.     Facts

1.    On July 31, 2025, the Debtor commenced this case *pro se* by filing a voluntary petition under chapter 7 of the Bankruptcy Code, [ECF No. 1]. With his petition, the Debtor filed a request that the filing fee be waived and a copy of his certificate of credit counseling, [ECF Nos. 2 and 3].

2.    On July 31, 2025, the U.S. Trustee appointed Alan Nisselson as the interim trustee (the "Trustee") and thereafter the Trustee became permanent. The Court scheduled the section 341 meeting of creditors (the "Meeting of Creditors") for September 11, 2025, at 9:30 a.m., [ECF No 6].

3.    On July 31, 2025, the Court issued a deficiency notice, among other things, advising the Debtor that pursuant to the automatic dismissal provisions of section 521(i) of the Bankruptcy Code, his case could be dismissed if he didn't file the appropriate papers within 46 days of commencement of his case (here, September 15, 2025), including:

- Statement of Your Current Monthly Income (Official Form 122A−1) due 08/14/202
- Declaration About an Individual Debtor's Schedules (Official Form 106Dec) due 08/14/2025
- Schedule A/B: Property (Official Form 106A/B) due 08/14/2025

2

- Schedule C: The Property You Claim as Exempt (Official Form 106C) due 08/14/2025
- Schedule D: Creditors Who Hold Claims Secured By Property (Official Form 106D) due 08/14/2025
- Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 106E/F) due 08/14/2025
- Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G) due 08/14/2025
- Schedule H: Your Codebtors (Official Form 106H) due 08/14/2025
- Schedule I: Your Income (Official Form 106I)1 due 08/14/2025
- Schedule J: Your Expenses (Official Form 106J)1 due 08/14/2025
- Statement of Intention due 08/14/2025 * Statement of Financial Affairs due 08/14/2025 Summary of Assets and Liabilities due 08/14/2025 (collectively, the "Schedules"), [ECF No. 7].

4. On August 1, 2025, the Court ordered that the filing fee be waived, [ECF No. 8].

5. On September 17, 2025, the U.S. Trustee filed a motion to dismiss pursuant to section 707(a) of the Bankruptcy Code (the "Motion to Dismiss") because the Debtor failed to appear at the Meeting of Creditors, or in the alternative, to extend the time to object to discharge and the dischargeability of any debt, [ECF No. 12]. The Motion to Dismiss was supported by the Affirmation of Alan Nisselson dated September 11, 2025, wherein the Trustee attested that the Debtor did not appear for the Meeting of Creditors, [ECF No. 12-1, ¶ 4].

6. With the Motion to Dismiss, the U.S. Trustee filed a notice of hearing stating that the hearing would be held on November 4, 2025, at 10:00 a.m., [ECF No. 13].

7. On September 21, 2025, the Court filed a notice stating that the Motion to Dismiss was served on the Debtor and all creditors, [ECF No. 14].

8. On October 1, 2025, Westlake Financial Services ("Westlake") filed a motion seeking relief from the automatic stay (the "Westlake Stay Relief Motion"), among other things, to sell the Debtor's interest in a 2018 Jeep Compass Latitude Sport Utility 4D, VIN 3C4NJDBB4JT116525 (the "Jeep"). Westlake noticed the hearing for November 13, 2025, at 9:00 a.m., [ECF No. 15].

3

9. On October 27, 2025, the Court filed and served on the Debtor a notice advising that the Debtor must file a certificate of completion of a course in personal financial management within 60 days of the Meeting of Creditors, or the case may be dismissed, [ECF No. 16].

10. On October 28, 2025, the Debtor filed a motion for sanctions (the "Sanctions Motion") against American Airlines Federal Credit Union ("AAFCU"), asserting that AAFCU violated the automatic stay when on October 28, 2025, it caused the repossession of the Debtor's 2017 Dodge Durango (the "Durango"), [ECF No. 17].

11. On November 3, 2025, the Debtor filed an opposition to the Westlake Stay Relief Motion, [ECF No. 20].

12. On November 6, 2025, the Court granted the Motion to Dismiss, discharged the Trustee and closed the case. [ECF Nos. 21 and 22].

***Motion to Reopen***

13. On November 12, 2025, the Debtor filed *pro se* a motion to reopen this case and for other relief (the "Reopen Motion"), [ECF No. 25]. The Debtor asserts that cause exists to reopen the case due to his medical incapacity. Reopen Motion at II. Specifically, the Debtor states that "his failure to attend hearings or file documents was ***solely due*** to the documented medical incapacity:" as follows:

• November 3–4, 2025 — Emergency admission to Lenox Hill Hospital for chest pain and cardiopulmonary stress.

• November 5–11, 2025 — Readmitted to Mount Sinai Hospital under telemetry (heart) monitoring and medical supervision. During this period, the Debtor was medically unable to appear in Court, file documents, or meaningfully participate.

4

> • Upon discharge on November 11, the Debtor promptly began reviewing filings and submitted corrective motions.[1]

Reopen Motion at II (emphasis added).

14. By the Reopen Motion, the Debtor also requests that the Court review the facts underlying AAFCU's repossession of the Durango and order turnover of the vehicle back to him. Reopen Motion at III.

15. On November 25, 2025, the Court entered an order directing that a hearing on the Reopen Motion be held on December 23, 2025, at 2:00 p.m. [ECF No. 26].

16. On or about December 17, 2025, the Court requested that the U.S. Trustee provide its views on the Reopen Motion.

## **Objection**

The U.S. Trustee respectfully opposes the Reopen Motion. The Debtor admits that the "sole basis" for failing to attend hearings or discharge his other duties under the Code is the occurrence of an alleged medical incapacity. *See* Reopen Motion at II. The basis of the motion to dismiss, however, was the Debtor's failure to attend the Meeting of Creditors, that was scheduled for September 11, 2025. The Debtor's subsequent medical incapacity, which he asserts happened on November 3, 2025, occurred nearly two months after the Meeting of Creditors and, therefore, does not constitute a basis for the Debtor's failure to attend the meeting or cause to reopen this case.

Further, the Reopen Motion is not supported by competent evidence. Although the Debtor's *pro se* status may warrant the Court's leniency regarding his failure to submit a

---

[1] It is observed that the Debtor has neither submitted a declaration in support of the facts asserting medical incapacity or attached any medical records to the Reopen Motion.

5

supporting declaration, the Debtor has provided no evidence at all, whether by way of medical records or otherwise. Moreover, assuming the Debtor's statements are true, there is nothing in the Reopen Motion that supports the Debtor's inability to contact the Court by telephone to advise of his medical issues.

On the contrary, the Debtor took no action after filing this case and receiving a fee waiver. He neither attended the Meeting of Creditors nor filed any of the required documents under section 521(i) of the Code, *see supra* at ¶ 3, the deadline for which was September 15, 2025, approximately two months before the Debtor's alleged medical incapacity.

For these reasons, the U.S. Trustee respectfully submits that the Debtor has not established cause to reopen this case, and the Reopen Motion should be denied.

> Respectfully submitted,
>
> WILLIAM K. HARRINGTON
> UNITED STATES TRUSTEE, REGION 2
>
> By:   */s/ Andrea B. Schwartz*
>         Andrea B. Schwartz
>         Trial Attorney