| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | | NOT FOR PUBLICATION |

---------------------------------------------------------------x
In re:                                                                 :
                                                                           :
Mack McKinley Hunt, III,                                     :          Case No. 25-11694 (JPM)
                                                                           :          Chapter 7
                                        Debtor.             :
---------------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER DENYING
## MOTION TO VACATE ORDER DISMISSING CHAPTER 7 CASE

**A P P E A R A N C E S :**

MACK MCKINLEY HUNT, III
*Pro Se Debtor*
1990 Lexington Ave., Apt. 26B
New York, NY 10035

UNITED STATES TRUSTEE
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408
By:    Andrea Schwartz

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

### INTRODUCTION[1]

Mack McKinley Hunt III ("Movant") formerly was a pro se chapter 7 debtor herein. On November 6, 2025, the Court issued an order (the "Dismissal Order")[2] granting the United States Trustee's (the "UST") unopposed motion to dismiss the case (the "Motion to Dismiss").[3] The

---

[1] Capitalized terms have the meanings ascribed to them herein. References to "ECF No. __" are references to documents filed on the electronic docket in the Chapter 7 Case, No. 25-11694.

[2] *Order Dismissing Chapter 7 Case*, ECF No. 21.

[3] *Motion for (1) Dismissal of Chapter 7 Case, or, Alternatively, (2) Directing Debtor to Appear at Meeting of Creditors and Extending Time to Object to Debtor's Discharge and Dischargeability of Debts*, ECF No. 12.

matter before the Court is Movant's motion pursuant to Rule 60(b)(1) and (6) of the Federal Rules of Civil Procedure ("Rule 60")[4] to vacate the Dismissal Order, reinstate Movant's bankruptcy case (the "Chapter 7 Case"), and restore the automatic stay (the "Amended Motion" or "Am. Mot.").[5] Movant filed a declaration in support of the Amended Motion.[6] Movant also requests the Court to waive or defer payment of the reopening fee. The UST filed an objection to the Amended Motion (the "Objection").[7]

On December 23, 2025, the Court held a hearing on the Amended Motion. The UST appeared through counsel. Movant did not appear at the hearing.[8] At the hearing, the UST rested on his papers. The Court will resolve the matter based on the parties' papers. For the reasons discussed herein, the Court denies Movant's request to vacate the Dismissal Order. The Court need not address the balance of Movant's requests for relief in the Amended Motion.

## BACKGROUND

On July 31, 2025 (the "Petition Date"), Movant filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Petition").[9] Movant filed the Petition without Schedules. On July 31, 2025, the Court issued a deficiency notice, among other things, advising Movant that pursuant to the automatic dismissal provisions of section 521(i) of the Bankruptcy Code, his case

---

[4] With certain exceptions/modifications, Rule 9024 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule 9024") makes Rule 60 applicable herein. *See* Fed. R. Bankr. P. 9024.

[5] *Amended Short-Form Motion to Vacate Dismissal, Reinstate Case, and Restore Automatic Stay*, ECF No. 28.

[6] *Declaration of Excusable Neglect Regarding Late Service*, ECF No. 29.

[7] *United States Trustee's Objection to Debtor's Amended Shortform Motion to Vacate Dismissal, Reinstate Case, and Restore Automatic Stay*, ECF No. 30

[8] Later that day, Movant advised Chambers that he mistakenly registered for a December 26, 2025 hearing. The Court did not schedule a hearing in this case for December 26.

[9] *Chapter 7 Voluntary Petition for Individuals*, ECF No. 1.

2

could be dismissed if he didn't file the appropriate papers within 46 days of commencement of his case (here, September 15, 2025), including:

- Statement of Your Current Monthly Income (Official Form 122A−1) due August 14, 2025;
- Declaration About an Individual Debtor's Schedules (Official Form 106Dec) due August 14, 2025;
- Schedule A/B: Property (Official Form 106A/B) due August 14, 2025;
- Schedule C: The Property You Claim as Exempt (Official Form 106C) due August 14, 2025;
- Schedule D: Creditors Who Hold Claims Secured by Property (Official Form 106D) due August 14, 2025;
- Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 106E/F) due August 14, 2025;
- Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G) due August 14, 2025;
- Schedule H: Your Codebtors (Official Form 106H) due August 14, 2025;
- Schedule I: Your Income (Official Form 106I) due August 14, 2025;
- Schedule J: Your Expenses (Official Form 106J) due August 14, 2025;
- Statement of Intention due August 14, 2025;
- Statement of Financial Affairs due August 14, 2025;
- Summary of Assets and Liabilities due August 14, 2025; (collectively, the "Schedules").[10]

Movant failed to file the Schedules. On the Petition Date, Alan Nisselson (the "Trustee") was appointed as interim trustee of Movant's estate, and the section 341(a) meeting of creditors (the "341(a) Meeting") was scheduled to be held on September 11, 2025.[11] Movant received notice of the 341(a) Meeting, but failed to appear at the meeting.

On September 17, 2025, the UST filed the Motion to Dismiss. In it, the UST sought an order dismissing the Chapter 7 Case or, in the alternative, directing Movant to appear at the 341(a) Meeting, and extending time to object to discharge. Motion to Dismiss at 2. In support of the

---

[10] *See Deficiency Notice*, ECF No. 7.

[11] *Notice of Chapter 7 Bankruptcy Case*, ECF No. 4.

motion, the UST annexed an affirmation of the Trustee (the "Trustee Affirmation").[12] In part, the Trustee stated (i) "[Movant] failed to appear and submit to examination at the initial Bankruptcy Code § 341(a) meeting of creditors on September 11, 2025, as required by Bankruptcy Code § 343," and (ii) "[t]o date, [Movant] has not appeared at a Bankruptcy Code § 341(a) meeting of creditors and has not been examined by the Trustee." Trustee Affirmation ¶¶ 3-4.

On October 1, 2025, while the Motion to Dismiss was pending, Westlake Financial Services ("Westlake") filed a motion for relief from the automatic stay (the "Stay Relief Motion"),[13] essentially seeking leave to repossess a 2018 Jeep Compass (the "Jeep"). The return date of the Stay Relief Motion was November 13, 2025.

On October 28, 2025, Movant filed a motion pursuant to section 362(k) of the Bankruptcy Code for sanctions against American Airlines Federal Credit Union ("AAFCU") for alleged violations of the automatic stay (the "Sanctions Motion").[14] Movant argued that on October 28, 2025, while on notice of the Chapter 7 Case, AAFCU willfully violated the automatic stay when it repossessed a 2017 Dodge Durango (the "Dodge"). Sanctions Motion ¶¶ 3, 6. Movant sought return of the Dodge, and payment of $12,500 in actual and punitive damages. *Id.* ¶¶ 7-8.

On November 3, 2025, Movant opposed the Stay Relief Motion (the "Stay Relief Opposition").[15] He asked the Court to deny the Stay Relief Motion, order Westlake to produce all documents, records, and photographs related to the repossession of the Jeep, direct Westlake to

---

[12] *Affirmation in Support of Trustee's Motion for (I) Dismissal of Case for Cause for Debtor's Failure to Attend and be Examined at a Bankruptcy Code § 341(a) Meeting of Creditors, and (II) Pending a Hearing in this Matter, an Extension of Time to Object to Discharge of Debtor*, ECF No. 12-2.

[13] *Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. §362(d)(1)*, ECF No. 15.

[14] *Motion for Sanctions for Willful Violation of the Automatic Stay Under 11 U.S.C. § 362(k)*, ECF No. 17.

[15] *Debtor's Opposition to Motion for Relief from Automatic Stay*, ECF No. 20.

4

allow immediate retrieval of the Jeep, direct an independent appraisal of the Jeep, and sanction Westlake for acting in bad faith. Stay Relief Opposition at 3-4.

The Motion to Dismiss was returnable on November 4, 2025 (the "Hearing Date"), with responses, if any, to be filed seven days prior to the Hearing Date. Movant did not file a response to the Motion to Dismiss and did not appear at the hearing. He did not seek an extension of time to respond to the motion or an adjournment of the Hearing Date. On November 4, 2025, the Court conducted a hearing on the Motion to Dismiss and thereafter entered the Dismissal Order and discharged the Trustee.[16]

**The Amended Motion**[17]

On November 3-4, 2025, Movant was admitted to Lennox Hill Hospital for chest pain and cardiopulmonary distress. Am. Mot. at 1. On November 5-11, 2025, he was "[r]eadmitted to Mount Sinai Hospital under telemetry (heart) monitoring and medical supervision." *Id.* at 2. Movant argues that, because "[d]ismissal occurred while [he] was medically incapacitated and physically unable to appear, communicate, or file court-required documents," the Court must vacate the Dismissal Order "to prevent further hardship, restore legal protections, and allow the Court to

---

[16] *Dismissal Order,* ECF No. 21; *Order Discharging Trustee*, ECF No. 22.

[17] The Amended Motion supersedes Movant's *Motion to Reopen Chapter 7 Case, Request for Fee Waiver, and Statement of Good Faith*, ECF No. 25. That motion sought to reopen the Chapter 7 Case pursuant to section 350 of the Bankruptcy Code. That section provides:

> (a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case. (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350. By its plain language, section 350(b) only applies where a party seeks to reopen a fully administered closed case. Accordingly, "'a case cannot be reopened unless it was closed pursuant to section 350(a) after it has been administered; [t]herefore, a dismissed case [can] not be reopened under section 350(b).'" *In re Truong*, No. 09-11047, 2011 WL 2894580, at *6 (Bankr. S.D.N.Y. July 15, 2011) (quoting 3 Collier on Bankruptcy ¶ 350.03 (16th ed. 2011)); *accord In re Locascio*, 481 B.R. 285, 289 (Bankr. S.D.N.Y. 2012). The Court does not have the authority to reopen the Chapter 7 Case under section 350(b), as the case was dismissed under section 707(a) of the Bankruptcy Code. It was not closed pursuant to section 350(a), after being fully administered.

5

supervise creditor conduct — including a post-petition repossession executed before dismissal and without relief from stay." *Id.* at 1. Movant states that he was incapacitated from November 3 to November 11, and that such medical incapacity constitutes good cause for relief under Rules 60(b)(1) and 60(b)(6). *Id.* at 1-2. Movant also asserts that AAFCU's repossession of the Dodge violated the automatic stay, and turnover of the Dodge to Movant is required by Second Circuit law, *id.*, at 2, and that Westlake's repossession of the Jeep warrants "Court supervision . . . to determine next steps in compliance with chapter 7 procedures," *id.* at 3. Movant requests the Court to (i) vacate the Dismissal Order and reinstate the Chapter 7 Case; (ii) restore the automatic stay, retroactive to the date of dismissal; (iii) order AAFCU to return the Dodge immediately, or at least disclose its storage location and allow immediate retrieval of personal and medical items; (iv) preserve and enforce Movant's rights under section 362(k); and (v) provide procedural guidance appropriate for a pro se filer. *Id.*

**The Objection**

The UST argues that Movant has not established cause under section 350(b) of the Bankruptcy Code to support the reopening of this case. Objection at 1. The UST asserts that Movant's incapacity, by his own admission, occurred on or after November 3, 2025, and the case was dismissed because of Movant's failure to attend the 341(a) Meeting scheduled for September 11, 2025, two months prior to Movant's alleged hospitalization. *Id.* at 5. He states that the bases for dismissal predated Movant's asserted medical capacity, and therefore there is no cause to reopen the case. *Id.* at 6.

**DISCUSSION**

Movant is proceeding pro se and, as such, the Court must construe his pleadings liberally and interpret them to raise the strongest arguments they suggest. *See Rosa v. Doe*, 86 F.4th 1001,

6

1007-08 (2d Cir. 2023); *see also Chinniah v. FERC*, 62 F.4th 700, 702 (2d Cir. 2023) ("As a pro se plaintiff, [movant] is entitled to liberal construction of his pleadings and briefs."). Nonetheless, "[a] pro se complaint, like any other, must present a claim upon which relief can be granted." *Corley v. Jahr*, No. 11 CIV. 9044, 2014 WL 772253, at *3 (S.D.N.Y. Feb. 10, 2014) (citation omitted).

The Court granted the Motion to Dismiss pursuant to section 707(a) of the Bankruptcy Code. *See* Dismissal Order. A court may dismiss a case under section 707(a) "only for cause." 11 U.S.C. § 707(a). It is settled that the failure to attend a duly noticed and scheduled section 341 meeting is cause for dismissal under section 707(a). *See In re Antar*, No. 24-30480, 2024 WL 5000502, at *3 (Bankr. D. Conn. Nov. 8, 2024) (collecting cases); *In re Shuang*, No. 24-10996, 2024 WL 4668429, at *5 (Bankr. S.D.N.Y. Nov. 4, 2024). The Court found cause to dismiss the Chapter 7 Case, as it is undisputed that Movant failed to appear at the 341(a) Meeting and failed to provide justification for missing the meeting. Movant does not contend that the Court erred in making that determination. Rather, he contends the Court should excuse his failure to attend the meeting based on his "medical incapacity" and vacate the Dismissal Order pursuant to Rules 60(b)(1) and (6). Am. Mot. at 1-2.

A case dismissed by Court order may be reopened pursuant to Rule 60(b). *In re Locascio*, 481 B.R. at 289. As relevant, Rule 60 provides

> (b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> . . .
>
> (6) any other reason that justifies relief.

7

Fed. R. Civ. P. 60.[18]

Motions under Rule 60(b) appeal to the sound discretion of the trial court. *Mendell on Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd sub nom. Gollust v. Mendell*, 501 U.S. 115 (1991). "The need for finality and predictability mandates caution in reopening judgments, and accordingly, relief under Rule 60(b) is considered an extraordinary remedy." *In re N. Bergman Ins. Tr.*, No. 1-12-40822, 2014 WL 1258168, at *4 (Bankr. E.D.N.Y. Mar. 26, 2014) (internal quotation marks omitted); *accord In re Celsius Network LLC*, No. 22-10964, 2023 WL 471231, at *3 (Bankr. S.D.N.Y. Jan. 26, 2023). In applying Rule 60(b), Courts "strike[ ] a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir. 1986).

Below, the Court considers whether Movant has established grounds for relief under either Rule 60(b)(1) or Rule 60(b)(6).

**Rule 60(b)(1)**

"Rule 60(b)(1) permits relief from a judgment based on 'mistake, inadvertence, surprise, or excusable neglect.'" *Lawtone-Bowles v. Brown*, No. 21-1242-CV, 2022 WL 839280, at *1 (2d Cir. Mar. 22, 2022) (summary order) (quoting Fed. R. Civ. P. 60(b)(1)). For these purposes, "excusable neglect" refers to "inadvertence, mistake, or carelessness." *FedEx TechConnect, Inc. v. OTI, Inc.*, No. 12 CIV. 1674, 2013 WL 5405699, at *3 (S.D.N.Y. Sept. 23, 2013). It "is an 'elastic concept,' that considers all relevant circumstances, including prejudice to the nonmovant,

---

[18] The remaining provisions of Rule 60(b), which permit post-judgment relief on the grounds of newly discovered evidence, fraud or misconduct by an opposing party, or a judgment that is void or has been satisfied, released, or discharged, are inapplicable in this matter. *See* Fed. R. Civ. P. 60(b)(2)–(5). Rule 60(c) provides that a motion seeking relief under Rule 60(b) must be brought within a "reasonable time" and for relief under Rule 60(b)(1), (2) or (3), the motion must be made within a year after the entry of the judgment or order. Fed. R. Civ. P. 60(c). Bankruptcy Rule 9024 provides that the one-year limitation prescribed in Rule 60(c) is not applicable to a motion to reopen a case under the Bankruptcy Code. Fed. R. Bankr. P. 9024. Movant has timely sought relief herein.

8

length of the delay, potential impact on judicial proceedings, reason for the delay (including whether it was within the control of the movant), and whether the movant acted in good faith." *In re Wassah*, 417 B.R. 175, 183 (Bankr. E.D.N.Y. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.,* 507 U.S. 380, 392, (1993) ("*Pioneer*")); *see also Silivanch v. Celebrity Cruises, Inc.,* 333 F.3d 355, 366 (2d Cir. 2003) (noting that the Second Circuit has applied *Pioneer*'s definition of excusable neglect beyond the bankruptcy context, including to Rule 60(b)(1)).

Courts in the Second Circuit examine the factors set forth in *Pioneer* (the "*Pioneer* Factors*") to determine whether there is excusable neglect pursuant to Rule 60(b)(1). The *Pioneer* Factors are

> the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 507 U.S. at 395. The Second Circuit has taken a "hard line" in applying the *Pioneer* Factors. *Silivanch*, 333 F.3d at 368. It has noted that three of the four *Pioneer* factors "usually weigh in favor of the party seeking the extension." *Silivanch*, 333 F.3d at 366. With respect to the first two *Pioneer* factors, "the length of the delay 'must be considered in the context of the proceeding as a whole,' [and] is evaluated in terms of whether it contributes to prejudice to the Debtors." *In re Tronox Inc.*, No. 09-10156, 2010 WL 1849394, at *3 (Bankr. S.D.N.Y. May 6, 2010)). As to the fourth factor, "rarely in the decided cases is the absence of good faith at issue." *Id.* Thus, "despite . . . the existence of the four-factor test . . . , [the Second Circuit] and other circuits have focused on the third factor: the reason for the delay, including whether it was within the reasonable control of the movant." *Silivanch*, 333 F.3d at 366 (internal quotation marks and citations omitted); *see, e.g.*, *Alexander v. Saul*, 5 F.4th 139, 149 (2d Cir. 2021) ("Affording

9

dispositive weight to [the third] factor accords with our precedents, which have described the reason for the delay as the most important *Pioneer* factor") (citations omitted); *Watts-Devine v. United States*, 616 F. App'x 9, 11 (2d Cir. 2015) (summary order) (noting that the reasons for delay, the third factor, predominates in a motion to vacate under Rule 60(b)(1)). "[I]t is the third factor-the reason for the delay-that predominates, and the other three are significant only in close cases." *Williams v. KFC Nat. Mgmt. Co.*, 391 F.3d 411, 415–16 (2d Cir. 2004).

Applying those factors here, Movant has not demonstrated grounds for relief under Rule 60(b)(1). Application of the first two factors supports Movant's request for relief, as Movant did not delay in seeking relief and the risk of prejudice is low. Moreover, the record is "insufficient for it to conclude that [Movant] failed to act in good faith." *In re N. New England Tel. Operations, LLC*, No. 09-16365, 2014 WL 3952925, at *12 (S.D.N.Y. Aug. 12, 2014), *aff'd sub nom. In re N. New England Tel. Operations LLC*, 795 F.3d 343 (2d Cir. 2015). However, those factors do not off-set Movant's failure to provide any reason, let alone a persuasive reason, for excusing his failure to attend the 341 Meeting.

Movant argues that the Dismissal Order was entered as a result of his inability to comply with, or respond to, Court orders or other obligations associated with his bankruptcy case due to his hospitalization. *See* Am. Mot. at 1. The Court conducted the hearing on the Motion to Dismiss on November 4, 2025. He states that he was hospitalized on November 3, 2025, to November 11, 2025. *Id.* at 1-2. However, the "cause" under the Dismissal Order for dismissing the case was not Movant's failure to appear at the hearing on the Motion to Dismiss. The Court dismissed the Chapter 7 Case because Movant failed to appear at the 341(a) Meeting, and failed to account for his failure to do so. Dismissal Order at 1. That meeting was scheduled for September 11, 2025.[19]

---

[19] *See Notice of Chapter 7 Bankruptcy Case*, ECF No. 6.

10

Movant did not appear at the meeting or seek to adjourn it. Moreover, the Motion to Dismiss was filed on September 17, 2025, and Movant had more than five weeks in which to respond to it. He failed to do so. He was hospitalized a week after the last day to respond to the Motion to Dismiss. Further, prior to his hospitalization, and while the Motion to Dismiss was pending, Movant filed the Sanctions Motion and the Stay Relief Opposition. Movant offers no explanation for why he failed to respond to the Motion to Dismiss, or why he was unable to comply with the obligations imposed on debtors in a bankruptcy proceeding.

Although Movant's hospitalization may have interfered with his ability to attend the hearing on the Motion to Dismiss, it does not excuse his failure to attend the 341 Meeting or to account for his failure to do so. *See Padilla v. Maersk Line, Ltd.*, 721 F.3d 77, 84 (2d Cir. 2013) (failure to act with diligence is not excusable neglect); *see, e.g., Kingvision Pay-Per-View Ltd. v. La Aroma Del Cafe, Inc.*, No. CV-02-0786, 2006 WL 842398, at *2 (E.D.N.Y. Mar. 27, 2006) (holding plaintiff's counsel's failure to prosecute case was not excusable neglect where counsel "was ill, at most, only until September of 2004. Thus, his illness cannot justify his failure to prosecute the case between September 2004, when he recovered, and May 2005 when the motion for reconsideration was filed."); *accord Kantor v. Air Atl. Med., P.C.*, No. 19-CV-3597, 2023 WL 2329800, at *4 (E.D.N.Y. Mar. 2, 2023) ("In any case, and critically, counsel's May 2020 diagnosis does not account for Defendants' failure to follow court orders or defend the case beginning well before that date."). Movant failed to demonstrate grounds for relief under Rule 60(b)(1).[20]

---

[20] Movant cites three cases to support his contention that his medical problems provide grounds for vacating the Dismissal Order under Rule 60(b)(1) and 60(b)(6). Am. Mot. at 1-2 (citing *In re Bonder*, 224 B.R. 580 (Bankr. S.D.N.Y.); *In re Prochilo*, 578 B.R. 401 (Bankr. D. Mass.); *In re Williams*, 256 B.R. 885 (B.A.P. 8th Cir.)). He misplaces his reliance on *Williams*, as it does not concern a Rule 60(b) motion. The Court is unable to locate the either *Bonder* and *Prochilo*. Movant's citation to *Bonder* -- 224 B.R. 580 -- leads to the case *Hall v. Goforth*, 224 B.R. 580 (S.D. Tex. 1998), *aff'd sub nom. In re Goforth*, 179 F.3d 390 (5th Cir. 1999). His citation to *Prochilo* -- 578 B.R. 401

11

The Court denies Movant's request for relief under Rule 60(b)(1).

**<u>Rule 60(b)(6)</u>**

"Rule 60(b)(6) grants federal courts broad authority to relieve a party from a final judgment upon such terms as are just, provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 361 (2d Cir. 2023) (internal quotation marks omitted). In that way, Rule 60(b)(6) is a catchall provision, that permits "courts to vacate judgments whenever necessary to accomplish justice . . . ." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citing *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988)). However, Rule 60(b)(6) "must be read in conjunction with the other sections of that Rule, and is applicable only where the more specific provisions do not apply." *PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894, 898 (2d Cir. 1983). In other words, "a Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien,* 588 F.3d 158, 175 (2d Cir. 2009) (citation and internal quotation marks omitted). Accordingly, "if the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)." *United States v. Int'l Bhd. of Teamsters,* 247 F.3d 370, 391-92 (2d Cir. 2001) (citations omitted); *accord Am. Tissue, Inc. v. Arthur Andersen L.L.P.,* No. 02 Civ. 7751, 2005 WL 712201, at *2 (S.D.N.Y. Mar. 28, 2005).

Therefore, relief under Rule 60(b)(6) is foreclosed where, as here, Movant's "Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect . . . ." *Stevens*

---

-- leads to *In re Omni Lion's Run, L.P.*, 578 B.R. 394 (Bankr. W.D. Tex. 2017). Neither case is relevant to Movant's request for relief under Rule 60(b).

*v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012); *accord Brooks v. Doe Fund, Inc.*, No. 17CV3626, 2020 WL 5706451, at *6 (E.D.N.Y. Sept. 24, 2020).

The Court denies Movant's request for relief under Rule 60(b)(6).

## **CONCLUSION**

Based on the foregoing, the Court denies Movant's request to vacate the Dismissal Order. The Court will not address the balance of the relief Movant seeks on the Amended Motion.

IT IS SO ORDERED.

Dated: December 27, 2025
      New York, New York

                                                  /s/ *James L. Garrity, Jr.*
                                                   Honorable James L. Garrity, Jr.
                                                   United States Bankruptcy Judge